## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**ASTON JAVON WARDLOW**                                         **PLAINTIFF**
**#2032872**

**v.**                          **No. 2:24-cv-214-DPM**

**MIKE ALLEN, Sheriff,**
**Crittenden County;**
**SARAH HUCKABEE SANDERS,**
**Governor, State of Arkansas;**
**CHRIS WELLS,  Sheriff, Osage**
**County;  LAURA KELLY, Governor,**
**State of Kansas**                              **DEFENDANTS**

### ORDER

1.      Wardlow's motion to proceed *in forma pauperis*, Doc. 1,
is granted.  The Court assesses an initial partial filing fee of $16.67.
Wardlow's custodian must collect monthly payments from his prison
trust account each time the amount in the account exceeds $10.
These payments will be equal to twenty percent of the preceding
month's income credited to the account;  and they will be collected and
forwarded to the Clerk of the Court until the $350 filing fee is paid in
full.  28 U.S.C. § 1915(b)(2).  The payments forwarded on Wardlow's
behalf must be clearly identified by case name and case number.

2.      The Court must screen Wardlow's § 1983 complaint and
addenda.  *Doc. 2–4;* 28 U.S.C. § 1915(e).  He is awaiting trial for capital

murder and committing a terroristic act in Crittenden County, Arkansas. *State v. Wardlow*, No. 18CR-24-464. Wardlow, a resident of Kansas, says he was illegally arrested without a warrant, not read his *Miranda* rights, unlawfully imprisoned, and wrongly extradited to Arkansas. Once at the Crittenden County Jail, he says he was denied medical care following an "episode of SVT" and was denied the right to file a grievance. *Doc. 3.* He seeks release and damages.

The Court must abstain from proceeding with Wardlow's claims surrounding his arrest and imprisonment because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Wardlow may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, Wardlow hasn't alleged bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). These claims are therefore stayed until there's a final disposition of his pending state charges. *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

Wardlow's claims based on his medical care while in the custody of the Crittenden County Jail and his alleged inability to grieve that matter are dismissed without prejudice as improperly joined. Fed. R. Civ. P. 21. The Court directs the Clerk to send Wardlow a blank

§ 1983 complaint and motion to proceed *in forma pauperis* should he wish to bring those claims in a separate lawsuit.

                              *      *      *

The Court directs the Clerk to stay and administratively terminate this case. Wardlow can move to reopen this case after final disposition of his state cases, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Wardlow doesn't file a timely motion to reopen or a status report by 17 December 2025, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*19 December 2024*